UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
-----------------------------------------------------------------------X
MARVIN RODRIGUEZ, on behalf of himself and
all others similarly situated,

                               Plaintiff,

    -against-                              **COMPLAINT**

JOHN KOHUT III & SONS LANDSCAPING, LLC
d/b/a KOHUT & SON COMPLETE LANSCAPE     **COLLECTIVE ACTION**
SERVICE and JOHN KOHUT IV,

                               Defendants.
-----------------------------------------------------------------------X

Plaintiff Marvin Rodriguez ("Rodriguez" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of John Kohut III & Sons Landscaping, LLC d/b/a Kohut & Son Complete Landscape Service ("Kohut") and John Kohut IV (collectively with Kohut, "Defendants") alleges:

### NATURE OF THE COMPLAINT

1. While employed as a crewperson at Kohut, Rodriguez regularly worked 57 to 76 hours per workweek, depending on the season. For almost three years, Rodriguez was paid at a straight time rate, not receiving the overtime premium for hours worked over 40 each week.

2. Rodriguez, on behalf of himself and all others similarly situated, brings this action to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Kohut is located in the District of New Jersey.

## THE PARTIES

**Plaintiff Marvin Rodriguez**

5. Rodriguez resides in Hudson County, New Jersey.

6. Defendants employed Rodriguez as a crewperson on the planting crew from in or about June 2016 through June 2017.

7. Defendants employed Rodriguez as a crewperson on the lawn crew from in or about June 2017 through May 25, 2019.

**Defendant John Kohut III and Sons Landscaping, LLC**

8. Defendant Kohut is a New Jersey corporation that operates as Kohut & Son Complete Landscape Service and is located at 12 McCaffrey Lane, Boonton Township, New Jersey 07005.

9. Kohut employees meet every morning at 15 Split Rock Road, Boonton, New Jersey 07005, which is where Defendant John Kohut IV has his office.

10. Kohut is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Kohut has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Within the three years prior to the filing of this Complaint, Kohut, had an annual gross volume of sales in excess of $500,000.

**Defendant John Kohut IV**

13. Defendant John Kohut IV owns and operates Kohut.

14. Throughout Rodriguez's employment, John Kohut hired and fired employees, and directed the manner in which employees performed their daily duties and assignments at Kohut.

15. For example, on May 25, 2019, John Kohut IV terminated Rodriguez.

16. John Kohut IV established and implemented the work and pay practices and scheduling policies at Kohut.

17. For example, John Kohut IV regularly asked Rodriguez to work an additional workday.

18. John Kohut IV exercises sufficient control over the operations of Kohut to be considered Rodriguez's employer under the FLSA and NJWHL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. According to the Kohut website, the business operates Monday through Saturday from 8:00 a.m. to 7:00 p.m., but throughout Rodriguez's employment, the business operated on Sundays and employees stayed as late as 7:30 p.m. on weekdays.

20. As a crewperson on Kohut's planting crew, Rodriguez cleaned up gardens by weeding and pulling out dead plants, spreading mulch, and planting new plants.

21. As a crewperson on Kohut's lawn crew, Rodriguez mainly cut lawns and, in the fall, cleaned up leaves.

22. Rodriguez did not work at Kohut during the winter season, which started in January and ended in mid to late March each year.

23. From approximately June 2016 through September 2016 (summer season), Rodriguez worked a seven-day schedule: Monday through Friday, from approximately 7:00 a.m. until sometime between 7:00 p.m. or 7:30 p.m., and Saturday and Sunday from 7:00 a.m. until sometime between 4:00p.m. and 5:30 p.m. with a half-hour break each day, for approximate total of 74.5 to 76 hours per workweek.

24. From approximately October 2016 through December 2016 (fall season), Rodriguez worked a regular six-day schedule: Monday through Saturday, from approximately 7:00 a.m. until 5:00 p.m., with a half-hour break each day, for an approximate total of 57 hours per workweek.

25. From approximately October 2016 through December 2016, Rodriguez worked an additional day (Sunday) approximately every other week for an approximate total of 66.5 hours per workweek on those weeks.

26. From approximately March 2017 through September 2017 (summer season), Rodriguez worked a regular six-day schedule: Monday through Friday, from approximately 7:00 a.m. until sometime between 7:00 p.m. and 7:30 p.m., and Saturday from 7:00 a.m. until sometime between 4:00p.m. and 5:30 p.m. with a half-hour break each day, for an approximate total of 66 to 70 hours per workweek.

27. From approximately March 2017 through August 2017, Rodriguez worked an additional day (Sunday) approximately every other week for an approximate total of 74.5 to 76 hours per workweek on those weeks.

28. From approximately October 2017 through December 2017 (fall season), Rodriguez worked a regular six-day schedule: Monday through Saturday, from

approximately 7:00 a.m. until 5:00 p.m., with a half-hour break each day, for an approximate total of 57 hours per workweek.

29. From approximately September 2017 through December 2017, Rodriguez worked an additional day (Sunday) approximately once a month for an approximate total of 74.5 to 76 hours per workweek on those weeks during the summer season and 66.5 hours during the fall season.

30. From approximately March 2018 through September 2018 (summer season), Rodriguez worked a regular six-day schedule: Monday through Friday, from approximately 7:00 a.m. until sometime between 7:00 p.m. and 7:30 p.m., and Saturday from 7:00 a.m. until sometime between 4:00p.m. and 5:30 p.m. with a half-hour break each day, for an approximate total of 66 to 70 hours per workweek.

31. From approximately October 2018 through December 2018 (fall season), Rodriguez worked a six-day schedule: Monday through Saturday, from approximately 7:00 a.m. until 5:00 p.m., with a half-hour break each day, for an approximate total of 57 hours per workweek.

32. From approximately March 2019 through the end of his employment on May 25, 2019 (summer season), Rodriguez worked a regular six-day schedule: Monday through Friday, from approximately 7:00 a.m. until sometime between 7:00 p.m. and 7:30 p.m., and Saturday from 7:00 a.m. until sometime between 4:00p.m. and 5:30 p.m. with a half-hour break each day, for an approximate total of 66 to 70 hours per workweek.

33. In or about June 2016, for about one week, Defendants paid Rodriguez at a straight time rate of $17.00 per hour.

34. From approximately the second week in June 2016 until May 2017, Defendants paid Rodriguez at a straight time rate of $18.00 per hour.

35. From approximately May 2017 until June 2018, Defendants paid Rodriguez at a straight time rate of $19.00 per hour.

36. From approximately June 2018 until April 2019, Defendants paid Rodriguez at a straight time rate of $20.00 per hour.

37. From approximately April 2019 until the end of his employment on May 25, 2019, Defendants paid Rodriguez at a straight time rate of $21.00 per hour.

38. The first week of work at Kohut, Defendants paid Rodriguez his wages in cash.

39. After the first week of work at Kohut, Defendants paid a portion of Rodriguez's wages by check and the rest of his wages in cash, all at a straight time rate.

40. For example, the last week that Rodriguez worked at Kohut, the week of May 19 through 25, 2019, Rodriguez worked 48 hours because he was terminated before working a full week. That week he received $840.00 paid by check, and an additional $168.00 in cash, which in total represent 48 hours paid at a straight time rate of $21.00 per hour.

41. Throughout his employment, Rodriguez and other employees of Kohut regularly worked in excess of forty hours per workweek but they were not compensated at one and one-half times their regular rate of pay for those hours.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and on behalf of employees on the lawn crew, planting crew, hardscape crew, and all other non-exempt crewpersons (the "Landscaping Workers") of Kohut who elect to opt-in to this action (the "FLSA Collective").

43. The FLSA Collective consists of approximately twenty-five similarly situated current and former Landscaping Workers of Kohut, who, over the last three

years have been victims of Defendants' common policy and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them overtime wages due under the FLSA.

44. Defendants apply the same employment policies, practices, and procedures to all non-exempt employees. This policy and pattern or practice includes, *inter alia*, failing to pay Plaintiff and the FLSA Collective overtime wages for all hours worked in excess of forty per week.

45. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to compensate Plaintiff and the FLSA collective for all hours they have worked.

46. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of forty per workweek.

47. Plaintiff and the FLSA Collective performed the same primary duties.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

49. There are many similarly situated current and former Landscaping Workers who have been denied overtime compensation in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

50. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

51. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

52. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

53. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled to under the FLSA.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

55. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

56. Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

57. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

58. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

59. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff and the Landscaping Workers one and one (1½) half times their regular rate of pay for all hours worked in excess of forty.

60. Defendants have failed to pay Plaintiff and the Landscaping Workers the overtime wages to which they are entitled to under the NJWHL.

61. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Landscaping Workers overtime wages.

62. Plaintiff also brings this action pursuant N.J.S.A. 34:11-56a25, which provides, "An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

63. Due to Defendants' willful violations of the NJWHL, Plaintiff and the Landscaping Workers who elect to opt-in to this action are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt Landscaping

Workers who are presently working, or who have worked, at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Kohut. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Designation of Plaintiff as representative for the FLSA Collective;

C. Designation of counsel as counsel for the FLSA Collective;

D. Award unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA;

E. Award unpaid overtime wages, pursuant to N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

F. Award pre- and post-judgment interest;

G. Award reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
July 1, 2019

By: _____
Louis Pechman (Bar No. 035931983)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiff and the
Putative FLSA Collective*